# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | **Chapter 7** |
| ARGRIPROCESSORS, INC., ) | |
| ) | **Bankruptcy No. 08-2751** |
| Debtor. ) | |
| ) | |
| JOSEPH E. SARACHECK, ) | |
| in his capacity as ) | |
| CHAPTER 7 TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | **Adversary No. 10-09155** |
| ) | |
| vs. ) | |
| ) | |
| KEREN YISROEL ARYEH LIEB, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

### ORDER ON DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT

This matter came before the Court for telephonic hearing on Defendant's Motion to Vacate Default Judgment. David Carlebach and Steve Klesner appeared for Defendant Keren Yisroel Aryeh Lieb, Inc. Attorney Desirée Kilburg appeared on behalf of the Trustee. After hearing arguments, the Court took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(H).

1

## PROCEDURAL AND FACTUAL BACKGROUND

Trustee filed this Adversary Complaint on October 27, 2010. Trustee served Original Notice and Petition by mail to: Keren Yisroel Aryeh Lieb, Inc., 1382 President Street, Brooklyn, New York 11213, on December 31, 2010. Defendant did not file an answer. Trustee filed a Motion for an Extension of Time for Defendant to file an answer. The Court granted the Motion on August 24, 2011. Defendant still did not file an answer. Trustee filed a Motion for Clerk's Entry of Default, which was entered on December 5, 2011. Trustee then filed a Motion for Default Judgment, which was granted on December 6, 2011, for $515,025.66 plus court costs.

Defendant filed this Motion to Vacate the Default Judgment on December 20, 2011. Defendant seeks to vacate the Default Judgment and requests an injunction staying enforcement of the Default Judgment. Defendant argues: (1) the Original Notice and Petition was not addressed to an officer, managing or general agent, as required by Federal Rule of Bankruptcy Procedure 7004(b)(3), depriving the Court of jurisdiction; (2) the Complaint does not sufficiently plead a cause of action; and (3) the Court should vacate the default judgment because its failure to answer was due to excusable neglect. The Court held a telephonic hearing on December 22, 2011. Both parties filed post-hearing briefs.

Trustee's two-count Complaint seeks to avoid twelve (12) payments totaling $515,024.66 as fraudulent conveyances under §548, or in the alternative, to recover those payments as preferential transfers under § 547. According to Defendant's Exhibit B, the Trustee served the Original Notice and Complaint by mail to Keren Yisroel Aryeh Lieb, Inc., 1382 President Street, Brooklyn, New York 11213 on December 30, 2010. The Complaint was not addressed to a particular officer or individual.

According to Trustee's Exhibits 1–3, the Trustee communicated directly with a representative of Defendant about the case between July 12, 2011, and August 16, 2011. During these communications, Defendant asserted its belief that an affirmative defense existed. Trustee's counsel communicated multiple times to Defendant that Trustee would seek default judgment if Defendant did not file an answer. Defendant believed it had sent evidence of a defense to Trustee.

Communication broke down or ceased between the parties after August 16, 2011. At status conferences on this matter, only Trustee appeared. After seeking extensions of time for Defendant to file an answer, that the Court granted, Trustee received no response and moved for a default judgment.

## **CONCLUSIONS OF LAW AND ANALYSIS**

"The entry of default judgment is not favored by the law and 'should be a rare judicial act.'" In re Iowa Oil Co., 299 B.R. 555, 560 (Bankr. N.D. Iowa 2003) (quoting In re Jones Truck Lines, Inc., 63 F.3d 685, 688 (8th Cir. 1995)). "There is a judicial preference for adjudication on the merits." Id. (citing Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998)). "Decisions to grant or deny a motion to set aside default judgment are within the sound discretion of the bankruptcy court." Id.

Bankruptcy Rule 7055 incorporates Rule 55 of the Federal Rules of Civil Procedure, which sets out the procedures for setting aside a default judgment. Rule 55(c) states: "For good cause shown the court may set aside . . . a judgment by default . . . in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). Reasons listed in Rule 60(b)(1) for relief from judgment include "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); United States v. Harre, 983 F.2d 128, 130 (8th Cir. 1993).

Rule 60(b)(4) permits the court to set aside a judgment that is "void." In re Iowa Oil Co., 299 B.R. at 560. If a defendant is improperly served, a federal court lacks jurisdiction over the defendant, rendering a default judgment void under Rule 60(b)(4). Id. (citing Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 843

4

(8th Cir. 1993)).  Defendant has the burden to show the default judgment should be set aside under either Rule 60(b)(1) or (b)(4).  Id.

1. **Service**

Defendant argues the Court lacks jurisdiction based on improper service.  It claims that since the Original Notice and Petition was not addressed to a specific individual, it is improper.  Trustee contends that any defects in service were waived by actual notice of the Complaint and its contents.

> [A]ctions which seek relief against a corporation or unincorporated association may not be served upon an unnamed officer, director, or agent, and the movant is required to "adhere to a standard of reasonable and appropriate diligence in ascertaining the individual names." Absent a showing of "reasonable and appropriate diligence" . . . service under Rule 7004(b)(3) is not effected by serving an unnamed title or using language such as "any other officer or agent entitled to receive service."

In re Franchi, 451 B.R. 604, 606 (Bankr. S.D. Fla. 2011) (citations omitted).

"Compliance with the Rules is essential, for '[i]f a defendant is improperly served, a federal court lacks jurisdiction over the defendant.'"  In re Stamps, 05-03724, 2006 WL 2604605, *1(Bankr. N.D. Iowa Sept. 6, 2006) (quoting Printed Media Serv. Inc., 11 F.3d at 843).  In Stamps, this Court held that plaintiff's attempted service on one defendant by mail to a P.O. Box associated with the defendant and service on the second defendant by fax was insufficient.  Id.  The Court stated that the "Plaintiff's failure to follow Rule 7004 resulted in material

5

prejudice to [defendants] in the form of an entry of default being entered against them. Since each defendant was improperly served, the default entry against them is void." Id.

However, in some cases actual notice can be sufficient to satisfy due process rights. In 2010, the Supreme Court distinguished cases where lack of proper notice deprived a "party of a right granted by a procedural rule" from cases where lack of proper notice deprived a "party of the constitutional right to due process." In re Agriprocessors, Inc., BR 08-2751, 2012 WL 122570, *5 (Bankr. N.D. Iowa Jan. 17, 2012) (citing United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367, 1378 (2010) (holding that "failure to serve [a creditor with a] summons and complaint the Bankruptcy Rules require for commencement of an adversary proceeding" did not violate due process requirements where the creditor had "actual notice of the filing and contents of [debtor's] plan" to deal with creditor's debt)).

The Eighth Circuit applies a similar rule. "[A] person cannot complain about the constitutionality of the method used to provide notice when he or she has received actual notice (assuming it is timely), for he or she has suffered no harm." In re Agriprocessors, Inc., 2012 WL 122570 (quoting Nunley v. Dep't of Justice, 425 F.3d 1132, 1139 (8th Cir. 2005)); see also Samuels v. Merriweather, 94 F.3d 1163, 1167 (8th Cir. 1996) ("Because the [defendants] had actual notice that the city

6

intended to condemn the building there was no procedural due process violation.");

Hroch v. City of Omaha, 4 F.3d 693, 696 (8th Cir.1992) (same); In re Miell, 439 B.R. 704, 709 (B.A.P. 8th Cir. 2010) (similar).

A violation of a procedural rule does not always establish a due process violation. Courts must instead perform an analysis of all the applicable circumstances:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. However, if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied.
>
> Mullane v. Central Hanover Bank & Trust, 339 U.S. 306, 314–15 (1950) (citations omitted).

In re Agriprocessors, Inc., 2012 WL 122570, at *5–6 (quoting SHF Holdings, 2010 WL 4342060, at *4). Courts engage in a balancing test to assess the "level of actual knowledge involved against the procedural notice requirements that were not followed." Id. (holding that actual notice did not exist where the defendant was aware of the bankruptcy, but not aware of the dispute over its own property rights).

7

In the present action, Trustee failed to address the complaint to an officer, director, or agent of Keren Yisroel Aryeh Lieb, as required by Rule 7004. Fed. R. Bankr. P. 7004. However, Trustee's exhibits 1–3 show that Defendant had actual knowledge of the Complaint and its allegations. Using the balancing approach, the Defendant's actual knowledge of the adversary outweighs the procedural deficiency of the Trustee's service. See In re Agriprocessors, Inc., 2012 WL 122570. This is not a case of a constitutional deprivation of due process, but rather a digression from a procedural rule which resulted in no prejudice to Defendant. The Court therefore finds that Defendant had actual notice of the adversary action and the Default Judgment against it is not void for lack of jurisdiction. See Espinosa, 130 S. Ct. 1367, 1378.

### 2. **Excusable Neglect**

Defendant argues that its failure to answer is excusable neglect. Trustee responds that this is not a case of excusable neglect because Trustee sent email correspondence stating that they intended to pursue default judgment. "The term 'excusable neglect' in this rule 'is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" In re Iowa Oil Co., 299 B.R. at 561–62 (quoting Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394 (1993)). "The inquiry is essentially an equitable one, and

8

the [ ] court is required to engage in a careful balancing of multiple considerations." In re Iowa Oil Co., 299 B.R. 555, 561–62 (Bankr. N.D. Iowa 2003) (quoting Union Pacific R. Co. v. Progress Rail Servs. Corp., 256 F.3d 781, 782 (8th Cir. 2001)).

"First, excusable neglect encompasses both simple, faultless omissions and omissions caused by carelessness." Id. (quoting In re Payless Cashways, Inc., 230 B.R. 120, 138 (B.A.P. 8th Cir. 1999)). "The determination as to whether neglect is excusable is an equitable one, taking into account all relevant circumstances surrounding the party's omission." In re President Casinos, Inc., 397 B.R. 468, 473 (B.A.P. 8th Cir. 2008). "Factors to consider include (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." Id. "The existence of a meritorious defense continues to be a relevant factor." In re Iowa Oil Co., 299 B.R. at 561–62 (citing Union Pacific R. Co., 256 F.3d at 783). "The analysis under the excusable neglect standard is inherently equitable so that no one factor is dispositive." In re Valley Food Services, LLC, 377 B.R. 207, 213–14 (B.A.P. 8th Cir. 2007). The Court will review each of these factors in relation to the current action.

    **a.  Potential Prejudice**

First, the Court must determine whether setting aside the default could potentially prejudice Trustee. Setting aside the default "must prejudice plaintiff in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." In re Price, 388 B.R. 901, 909 (Bankr. E.D. Ark. 2008) (citations omitted). A default should not be set aside, however, if the Trustee's "cost will increase to an unfair degree." In re Bailey, 411 B.R. 492, 495 (Bankr. S.D. Ga. 2009) (citations omitted).

This is not a case where vacating the default judgment will result in any loss of evidence, difficulties in discovery or opportunities for fraud. Trustee's alleged claim is that the delay is "wasting estate resources and delaying asset recovery for the estate." (Trustee's Res. to Mt. to Vacate, at 4.) This argument, however, is unpersuasive because the Court prefers to resolve cases on the merits. See In re Iowa Oil Co., 299 B.R. at 560. The Court holds that any potential prejudice is outweighed by principles of equity and the Court's preference for judgment after the merits of an action have been reviewed.

**b. Delay**

As discussed above, Trustee argues that setting aside the default will unreasonably delay the proceedings. What constitutes a "reasonable time" for delay is a case-by-case determination. In re Emmons, 349 B.R. 780, 789 (Bankr.

10

W.D. Mo. 2006) (citing In re Johnson, 13 B.R. 342, 348 (Bankr. D. Minn. 1981)). "A reasonable time is before irrevocable acts have occurred." Id. (quoting In re Johnson, 13 B.R. at 348). This Court has held that a delay of two weeks is not an unreasonable amount of time. In re Iowa Oil Co., 299 B.R. at 562. Here, the default judgment was entered on December 6, 2011, and Defendant moved to vacate on December 20, 2011. While this action has been pending since October 27, 2010, the Court again finds that the delay caused by Defendant's failure to file an answer is not such that dictates against vacating the default.

### c. Excuses for Delay & Good Faith

Defendant next presents a number of explanations for its delay, arguing that it acted in good faith under the mistaken belief that settlement negotiations were ongoing. Trustee disagrees with Defendant's assertions and argues that unofficial, professional notice was given to Defendant informing it that Trustee would seek default. "The Eighth Circuit distinguishes between careless conduct by a defaulting party and contumaciousness or intentional flouting or disregard of the court and its procedures." Id. at 561–62 (citing Johnson, 140 F.3d at 785; Harre, 983 F.2d at 130 (distinguishing between a marginal failure to comply with time requirements and willful violations of court rules)). "The court ought not to focus narrowly on the negligent act that caused the default." Id. (citing Murray v.

11

S.O.L.O. Benefit Fund, 172 F. Supp. 2d 1134, 1141 (N.D. Iowa 2001)). The Court believes Defendant had a good-faith belief that the parties were still in settlement negotiations and that the Trustee would not pursue a judgment based on their defense. Although the Trustee presented evidence of repeated warnings to Defendant that they would seek default, equity weighs in favor of setting aside the judgment. See In re Iowa Oil Co., 299 B.R. at 562 ("equitable considerations are entitled to significant weight in determining whether relief under Rule 60(b)(1) should be granted"). The Court finds that Defendant has adequately demonstrated that Defendant's failure to file an answer is excusable neglect.

### d. Meritorious Defense

Furthermore, in addition to Defendant's neglect being excusable, the Court finds that Defendant has presented what could amount to a meritorious defense. "When considering whether to provide relief from a judgment, the court is not required to conduct a mini-trial to determine the validity of a party's defenses. Rather, the question is whether the proffered evidence would permit a finding for the defendant." In re Emmons, 349 B.R. at 791. Defendant argues that the default judgment should be set aside because it gave value for the transfers and the complaint does not state a claim on which relief can be granted. Trustee does not specifically respond to these arguments presented.

12

### i.   Facial Sufficiency of the Complaint

In order to determine whether a complaint states a "claim upon which relief can be granted," the Court must first look at what the party is required to plead. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554–55 (2007). Bankruptcy Rule 7008(a) applies Rule 8 of the Federal Rules of Civil Procedure to adversary proceedings. Fed. R. Bankr. P. 7008(a). Rule 8(a)(2) commands that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Bankruptcy trustees are entitled to more "leeway" in a fraud pleading because of their secondhand knowledge of the transaction. In re Agriprocessors, Inc., BR 08-2751, 2011 WL 4621741 (Bankr. N.D. Iowa Sept. 30, 2011); In re Dreier LLP, No. 09-15051, 2011 WL 2412581, at *10 (Bankr. S.D.N.Y. June 16, 2011).

Defendant asserts that Trustee has failed to adequate plead a cause of action under Iqbal and Twombly for Count I, based on this Court's recent order in In re The Right Place. Section 548(a)(1), upon which Count I is based, allows a trustee to recover fraudulent conveyances:

> The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily--

13

>   (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
>
>   (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
>   (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation . . . .

11 U.S.C. § 548.

Trustee is alleging constructive fraud under § 548(a)(1)(B)(ii)(I). "Under Iqbal and Twombly, Trustee's claim for constructively fraudulent transfers must allege sufficient facts that plausibly show: (i) a transfer within the applicable time period, (ii) a lack of reasonably equivalent value (or fair consideration), and (iii) debtor's insolvency during the relevant time period." In re Agriprocessors, Inc., 2011 WL 4621741 (citing In re Charys Holding Co., 443 B.R. 628, 636 (Bankr. D. Del. 2010). In The Right Place, this Court reiterated that the "mere recitation of the three legal elements in inadequate to establish a plausible factual basis." In re Agriprocessors, Inc., 2011 WL 4621741 (citing In re Caremerica, Inc., 409 B.R. 737, 745 (Bankr. E.D.N.C. July 28, 2009)).

The Complaint in this case is materially identical to the Complaint in The Right Place. In an attempt to establish a fraudulent conveyance, Count I of the Complaint alleges 1) "[d]efendant received at least twelve payments," 2) "[t]rustee

14

is not aware of any equivalent value…[and] reasonably concludes that the transfers were in exchange for less than a reasonably equivalent value," and 3) "[d]ebtor was insolvent at all times during the two-year period before the Petition Date." This defendant <u>may</u> therefore have a defense that the current fraudulent conveyance claim has failed to sufficiently plead Debtor's insolvency. At this time, Defendant appears to present a meritorious defense to Count I. Defendant has not moved to dismiss the Complaint based on failure to state a claim. Therefore the Court will not consider that matter at this time.

### ii.    Substantive Defense

Defendant has also presented evidence indicating that the transfers in question were for equivalent value. (Defendant's Stock Decl. ¶5.) Such evidence could permit a finding for Defendant if not rebutted by the Trustee. <u>See</u> <u>In re Emmons</u>, 349 B.R. at 791; 11 U.S.C. §550. Because the evidence offered by Defendant, if found by a fact-finder to be true, could allow a ruling in its favor, the Court considers this argument as a potential meritorious defense, and thus serves as a further reason to vacate the default judgment.[1]

---

[1] While additional arguments were presented by Defendant to vacate the judgment, the Court finds that sufficient reasons support vacation of the judgment have been presented, and thus the Court will not perform a detailed analysis of Defendant's remaining arguments.

15

### 3. Temporary Injunction and Misconduct Accusations

Defendant seeks a temporary injunction to prohibit Trustee from executing on and enforcing the default judgment entered against them. (Mt. to Vacate, at 20–21.) Trustee's Attorney stated unequivocally during hearing that they will not attempt to enforce the Default Judgment at this time. Based on the above findings and Trustee's Attorney's statements, the Court finds that Defendant's request for injunctive relief is moot. Further, Defendant's accusations that Trustee's counsel has committed misconduct, violated the duty of candor to the court, and violated its fiduciary responsibilities as Trustee are without merit.

**IT IS ORDERED** that Default Judgment is VACATED.

**FURTHER**, Motion for Injunction is MOOT.

Dated and Entered: February 27, 2012

Thad J. Collins
Chief Bankruptcy Judge